In the Matter of the Probate of the Last Will and Testament of VIRGILIO DEL GENOVESE, Deceased.

FIDALMA DEL GENOVESE, Individually and as Administratrix, etc., of VIRGILIO DEL GENOVESE, Deceased, Appellant; JOSEPH DEL GENOVESE, Respondent.

Second Department, May 3, 1918.

Surrogate's Court — when surrogate has no power to expunge stipulation from case decided by Appellate Division — remedy for errors in Surrogate's Court is by appeal — surrogate cannot correct errors of predecessor — power of Appellate Division to receive new evidence on appeal from Surrogate's Court — general powers of Appellate Division on appeal — laches.

Where parties have stipulated that a will disposed of the entire estate of a decedent in a controversy as to whether the will was revoked by the testator's subsequent marriage and the birth of issue, and the Appellate Division on a case containing such stipulation has affirmed a decree that

the will was revoked and has also on a subsequent appeal affirmed an order of the surrogate refusing to set aside such stipulation, the Surrogate's Court has no power subsequently to expunge the stipulation from the record and to relieve the proponent from the effect thereof on the ground that it was improvidently made.

The Appellate Division has power to receive new evidence on an appeal from the Surrogate's Court and such stipulation was new evidence, and the Appellate Division having acted upon it, the Surrogate's Court has no power to strike it out and so destroy the judgment of this court.

Where the evidence in a case tried before a surrogate does not support his findings and decree the remedy is by appeal to the Appellate Division and another surrogate has no power to hear an appeal from a decree of his predecessor in office and to reverse it.

As this appeal is from a determination of the surrogate made upon an application pursuant to subdivision 6 of section 2490 of the Code of Civil Procedure, the Appellate Division has the same power as the surrogate and his determination must be reviewed as if an original application were made to this court.

Where the decedent's estate has been under administration pursuant to a decree entered in 1907 the application aforesaid should also be denied upon the ground of extraordinary laches.

APPEAL by Fidalma Del Genovese, individually and as administratrix, from an order of the Surrogate's Court of the county of Kings, entered in the office of the clerk of said Surrogate's Court on the 11th day of June, 1917, which, among other things, vacated and set aside a stipulation of evidence made on the 25th day of May, 1909, and relieved the respondent and proponent therefrom on the ground that the same was improvidently made and upon the further ground that at the trial of the probate proceedings no stipulation as to whether or not the will of the decedent disposed of the whole estate of the said decedent was made or entered into, and which further vacated and set aside a decree of the Surrogate's Court, entered on the 19th day of December, 1907, and ordered a new trial.

*Walter Carroll Low*, for the appellant.

*Lawrence S. Greenbaum* [*Edward Q. Carr* and *Edward S. Greenbaum* with him on the brief], for the respondent.

BLACKMAR, J.:

On December 19, 1907, the Surrogate's Court, Hon. JAMES C. CHURCH, since deceased, presiding, entered a decree denying

probate to the last will and testament of Virgilio Del Genovese, deceased. The decree was based on findings of fact that the will disposed of the entire estate of the decedent and that decedent, subsequent to making the will, married and had issue, and on the conclusion of law that the will was, therefore, revoked.

The will consisted only of a bequest of $10,000 to the proponent, leaving a question of fact whether it disposed of the entire estate of the decedent, which is a condition to revocation by marriage and birth of issue. (2 R. S. 64, § 43; Decedent Estate Law [Consol. Laws, chap. 13; Laws of 1909, chap. 18], § 35.) On December 30, 1907, an appeal was taken to this court by the proponent. On April 24, 1908, pending the appeal, the proponent made application for a new trial upon the ground that there was no evidence that the will disposed of the entire estate. The motion was denied, but no appeal was taken therefrom. On May 20, 1909, Surrogate KETCHAM, the successor of Surrogate CHURCH, signed the case on appeal from the decree denying probate, and ordered it on file in the office of the clerk of the Surrogate's Court, and, upon the certificate of said clerk, ordered the printed copy filed with the clerk of this court. There was in the case so filed a certificate that it contained all the evidence, but it contained no evidence that the will disposed of the entire estate of the decedent.

On May 15, 1909, five days before the case was signed and ordered on file, the contestant, respondent, on papers entitled in the Appellate Division, made a motion, returnable before the Hon. JAMES C. CHURCH, for a resettlement of the case by inserting a stipulation that it was conceded on the trial that the will disposed of the entire estate. The motion was opposed and argued, and on Surrogate CHURCH announcing orally that he would grant the motion, the parties stipulated that the case should be so amended, and a printed rider, reading as follows, was glued in the case: " It is conceded by all the parties hereto that the paper writing offered for probate by the proponent as the last will and testament of Virgilio Del Genovese, deceased, which is the will claimed by the contestants to have been revoked, disposed of the whole estate of said Virgilio Del Genovese, deceased." Upon the

record so made the decree was affirmed by this court in December, 1909 (136 App. Div. 894).

On January 15, 1915, the proponent moved in the Surrogate's Court to set aside the stipulation and for a new trial. On March 31, 1915, the motion was denied by the surrogate, and on appeal to this court the order was affirmed (169 App. Div. 140). The opinion of this court pointed out that the moving papers contained evidence of the amount of the estate at the death of decedent, whereas the test was the amount at the date the will was made. An application for a reargument, with permission to submit additional evidence to overcome the objection pointed out in the opinion of this court, was denied (170 App. Div. 946).

On February 2, 1916, another motion was made for practically the same relief, on affidavits containing evidence of the amount of property owned by decedent on the date the will was made. The motion was denied by the surrogate and the order denying the motion was, on appeal, affirmed by this court in November, 1916 (175 App. Div. 945).

On January 12, 1917, the proponent moved again for practically the same relief. Witnesses were heard by the surrogate in open court, and on June 11, 1917, an order was made vacating the stipulation of May 25, 1909, which amended the case on appeal, directing the clerk physically to expunge it from the record, relieving the proponent therefrom on the ground that the stipulation was improvidently made, and reciting that no such stipulation was made on the trial of the action, vacating the decree denying probate of the will, directing a new trial, but providing that the determination of the former surrogate upon the issues of marriage and the birth of issue stand in full force. The present appeal is from that order.

I do not think the surrogate had power to make the order. The effect of the order is to change the record on which this court rendered its decision affirming the decree denying probate. This court heard the appeal on the record which came up from the Surrogate's Court and on a stipulation of an additional fact, although the court probably supposed that it was acting on the actual record of what took place below. This court has the power to receive new evidence

on an appeal from the surrogate (Code Civ. Proc. § 2763; formerly Code Civ. Proc. § 2586); such stipulation was new evidence; this court has acted upon it and the surrogate had no power to strike it out and so destroy the judgment of his court.

The evidence in the case, as tried before Surrogate CHURCH, did not support his findings and decree. This could be corrected only on appeal, and the surrogate had no power to practically hear an appeal from a decree of his predecessor in office and reverse it.

As this appeal is from a determination of the surrogate made upon an application pursuant to subdivision 6 of section 2490 of the Code of Civil Procedure, this court has the same power as the surrogate, and his determination must be reviewed as if an original application were made to this court. (Code Civ. Proc. § 2763.) When an appeal was before this court in 1915, from an order denying a similar motion, it was suggested that the "extraordinary laches of appellant were perhaps grounds to deny the leave to renew his motion made and denied in 1908." (169 App. Div. 140.) That consideration is even stronger now, after the lapse of nearly three years more. The estate has been under administration pursuant to the decree entered in 1907, and we think that even if the surrogate had power now, at this late date, to reverse the several prior determinations both of that court and this, yet the laches of the petitioner require a denial of the motion.

I recommend that the order of the Surrogate's Court of Kings county be reversed, with ten dollars costs and disbursements, and that the case be remitted to the surrogate with direction to enter an order denying the motion.

JENKS, P. J., THOMAS, RICH and KELLY, JJ., concurred.

Order of the Surrogate's Court of Kings county reversed, with ten dollars costs and disbursements, and case remitted to the surrogate with direction to enter an order denying the motion.